IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY BRUCE WHITE,

    Plaintiff,

v.  Case No. 14-3004-JTM

KANSAS DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.

**MEMORANDUM AND ORDER DENYING RECONSIDERATION**

On April 12, 2016, the court dismissed this action for failure to state any actionable claims under 28 U.S.C. § 1983. (Dkt. 43). On May 9, 2016, plaintiff Bobby Bruce White filed a pleading entitled "Opposition to Dismissal" (Dkt. 44). Because Mr. White is pro se, the court construes his Opposition as a timely motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedures.

**I.  Legal Standard**

A motion to alter or amend judgment is appropriate only if the moving party establishes: 1) an intervening change in controlling law; 2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or 3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*,

43 F.3d 1484 (10th Cir. 1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

## II.     Discussion

Mr. White essentially argues that the dismissal of this action was manifestly unjust because: 1) he repeatedly and clearly stated that he had been irreparably injured, harassed, and discriminated against by the defendants; 2) summons has not been issued as suggested by the Tenth Circuit Court of Appeals and defendants have not been required to respond to his allegations, and 3) the court erroneously stated that the cell extraction incident occurred at Larned Correctional Mental Health Facility. The court finds Mr. White's arguments do not state a reason for the court to alter or amend its judgment dismissing this action.

Because Mr. White is a prisoner, federal statute requires this court screen his complaint and dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the case at any time if the court makes certain determinations. 28 U.S.C. § 1915(e)(2). This means the court may dismiss an action before the issuance of summons. Indeed, this court often will not direct service of summons until the screening process is complete.

To survive screening, a plaintiff must allege factual allegations sufficient to raise a right to relief above the speculative level and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Repeating conclusory allegations or the

3

elements of a cause of action will not nudge Mr. White's claims across the line from conceivable to plausible.

The court admits that it erroneously stated that the cell extraction incident occurred at Larned, instead of El Dorado Correctional Facility. This error, however, is harmless. The location of the incident was not a determinative factor in the court's conclusion that any claims based on Mr. White's 2015 grievances are temporally remote and insufficiently related to the 2013 cell extraction incident.

**IT IS THEREFORE ORDERED** that Mr. White's motion to alter judgment (Dkt. 44) is DENIED.

**IT IS SO ORDERED** this 16th day of May 2016.


                                                s/ J. Thomas Marten_____
                                                J. THOMAS MARTEN, Judge